IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>9) OMAR MORENO-ESPADA<br>a/k/a Omar (Counts One and Two)<br>Defendant | CRIMINAL 05-0383CCC |

**ORDER**

  Before the Court is the Motion for Withdrawal of Plea filed by defendant Omar Moreno-Espada on May 18, 2006 (docket entry 197).

  Defendant pled guilty on April 3, 2006 before U.S. Magistrate-Judge Camille L. Vélez-Rivé (docket entry 160), pursuant to a plea agreement he subscribed with the government on that same date (docket entry 161). He now moves for withdrawal of his plea based on three arguments: (1) that his brother, co-defendant Joel Moreno-Espada, has told him that there are many lies in the government's evidence, (2) that his attorney did not bring the proposed plea agreement to him the day before the change of plea hearing, and (3) that while he was not satisfied with the plea agreement, he felt between a rock and a hard place, implying that he was pressured to plead guilty. See docket entry 197, at p. 2.

  On May 31, 2006, the Court ordered that the transcript of defendant's change of plea hearing be prepared (docket entry 203), and the same was filed on July 13, 2006 (docket entry 231). Having reviewed this transcript, which refutes all the assertions made by defendant in his motion to withdraw guilty plea, we have no option but to deny defendant's request.

  As to defendant's averment that his co-defendant brother told him that there are lies in the government's evidence, we note that defendant has failed to describe which are those lies, or even if they involve only the evidence that the government has against his brother or also affect the evidence that the government has against him. In any event, during the

CRIMINAL 05-0383CCC                         2

change of plea hearing defendant accepted that the version of facts presented by the government was accurate.  Transcript (Tr.), p. 31, lines 16-21.

With regard to defendant's complaint that his attorney failed to bring the proposed plea agreement to him the day before the plea hearing, we note that during the change of plea hearing defendant expressed that he was satisfied with his legal representation.  Tr., at p. 8, lines 9-12.  Defendant also indicated that he had enough time to consult with his attorney about the change of plea proceedings, Tr., p. 9, lines 16-19, and about the plea agreement.  Tr., p. 18, lines 15-17.  No mention was made by him then of the alleged last-minute disclosure of the plea agreement, nor did he complain that such last-minute disclosure had prejudiced him in any way.

Finally, defendant's claim that he was pressured to plead guilty is contradicted by his assertion under oath that nobody forced him, Tr., p. 20, lines 21-23, offered a reward or thing of value, Tr., p. 21 lines 1-3, or threatened him to induce his plea of guilty.  Tr., p. 21, lines 5-7.  Defendant affirmed that he pled guilty on his own free will without coercion or any mental reservation.  Tr., p. 21, lines 9-12.

Withdrawing a guilty plea is not an absolute right.  United States v. Mercedes-Mercedes, 428 F.3d 355 (1st Cir. 2005).  See also Fed.R.Crim.P. 11(d)(2)(B).  Prior to the imposition of sentence, a defendant may be allowed to withdraw his plea if he can establish, to the trial court's satisfaction, that a "fair and just reason" for withdrawing the plea exists. United States v. Negrón-Narváez, 403 F.3d 33, 36 (1st Cir. 2005).  The burden of persuading the court that such a reason exists is on the defendant.  United States v. Rodríguez-León, 402 F.3d 17, 22 (1st Cir. 2005).

Several factors must be considered in determining whether a defendant has shown a "fair and just reason" for withdrawing a plea,  the most significant of which is whether the plea was knowing, voluntary and intelligent within the meaning of Federal Rule of Criminal Procedure 11. The other factors include 1) the force and plausibility of the proffered reason; 2) the timing of the request; 3) whether the defendant has asserted his legal innocence; and 4) whether the parties had reached a plea agreement.  United States v. Isom, 85 F.3d 831,

CRIMINAL 05-0383CCC                    3

834 (1st Cir. 1996) (quoting United States v. Cotal-Crespo, 47 F.3d 1, 3-4 (1st Cir.1995) (internal citations omitted)). If those factors weigh in favor of permitting a withdrawal of a guilty plea, the Court must then consider the prejudicial effect such a withdrawal would have on the prosecution. Id. at 834- 35.

      Here, the transcript of defendant's change of plea hearing evidences that his plea of guilty was knowing, voluntary and intelligent.  U.S. Magistrate-Judge Vélez-Rivé thoroughly addressed all three of Rule 11' s core concerns, and there is nothing in the record which would serve to indicate that defendant failed to understand the proceedings.  In addition, the reasons proffered by defendant in support of the withdrawal of his guilty plea are all vapid since, as discussed above, they are either too vague or just plainly disproved by the transcript of his change of plea hearing.  Moreover, defendant has not asserted in his motion that he is innocent.  Finally, his request to withdraw the guilty plea was made more than one month after having entered it,  a delay that has been viewed with disfavor by the Court of Appeals. See United States v. Keefe, 621 F.2d 17, 18 (1st Cir. 1980).  Thus, we have little trouble concluding that defendant has failed to show a fair and just reason which would allow him to withdraw his plea of guilty.

      Accordingly, and for the reasons stated, the Motion for Withdrawal of Plea filed by defendant Omar Moreno-Espada (docket entry 197) is DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on August 2, 2006.

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge